UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KENNETH ELLINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-289-DCR |
| ) | |
| V. ) | |
| ) | |
| CONSOLIDATED BISCUIT COMPANY, ) | **MEMORANDUM OPINION** |
| d/b/a LAUREL COOKIE FACTORY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Consolidated Biscuit Company's motion for summary judgment. [Record No. 20] The Defendant has moved for summary judgment on the grounds that this action was not timely filed within ninety (90) days of the Plaintiff's "receipt" of the Right-to-Sue notice, as required by Title VII of the Civil Rights Act of 1964. Because the Court finds that this action was not timely filed, the motion for summary judgment will be granted and this matter will be dismissed.

**I.    Background**

On September 10, 2006, Plaintiff Kenneth Ellington (Ellington), a former employee of Defendant Consolidated Biscuit Company, d/b/a Laurel Cookie Factory ("CBC"), filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In the EEOC charge, Ellington alleged that he had been subjected to a hostile work environment and had endured harassment because of his race. He further alleged that, after he complained of

discriminatory treatment, CBC retaliated against him by subjecting him to greater scrutiny in the workplace and by unfairly disciplining him. CBC filed a response to the EEOC charges in March of 2007.

On Friday, April 27, 2007, Ellington's counsel spoke with Darrick Anderson, the EEOC investigator, about the status of the case. Subsequently, on Monday, April 30, 2007, Ellington's counsel faxed a letter to the EEOC requesting that the Commission issue a Right-to-Sue ("RTS") notice. [Record No. 20, Ex. B] In the letter, counsel also requested a complete copy of the file. [Record No. 20, Ex. B] After receiving the faxed letter, Anderson spoke with Ellington's attorney, noting in the EEOC log that he "spoke w/CP's Atty. Re: Ltr dated 4-30-07" and that "Chg. Forwarded to Supv. for review & closure." [Record No. 20 Ex. A] Thereafter, on that same day, the EEOC issued the RTS letter. The letter was mailed to Ellington at his home address and copies were sent to the CBC and Ellington's counsel. The RTS letter specifically stated that "[y]our lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or you right to sue based on this charge will be lost." [Record No. 20, Ex. C] CBC's counsel received a copy of the right to sue notice on May 2, 2007. [Record No. 20, Ex. D]

Ellington's counsel sent a letter to the EEOC dated May 7, 2007, and attached the executed non-disclosure agreement and a check in the amount of $66.75, to cover the cost of copying Ellington's file. [Record No. 20, Ex. E] A date stamp on the letter indicates that it was received by the EEOC Louisville Area Office on May 9, 2007. The EEOC case log file states that "File copied & sent to Cp Attorney." [Record No. 20, Ex. A] Marcia Hall-Craig, from the

EEOC Louisville Area office, sent a letter to Ellington's counsel on May 9, 2007, and attached a copy of Ellington's file as requested. [Record No. 20, Ex. F]

Ellington filed this action on August 16, 2007, approximately 108 days after the EEOC issued the right to sue letter.

## II. Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in

the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

### III.     Discussion

CBC has moved for summary judgment on the grounds that Ellington's Title VII action was not timely filed. Under Title VII, a plaintiff has ninety days from receipt of the notice of right to sue issued by the EEOC to file suit. 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984). The ninety-day time period generally begins to run on the date the plaintiff receives the notice of right to sue. *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). However, actual receipt of the RTS letter by the plaintiff is not required to start the ninety-day limitations period. *See Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474-75 (6th Cir. 1986). The Sixth Circuit has expanded the ninety-day rule to include an extra five days after the date on which the EEOC mailed the RTS letter. Therefore, under the law of this circuit, as long as the RTS letter is correctly mailed by the EEOC to the plaintiff's address of record, a presumption exists that the mail is received by the addressee and the ninety-day limitations period begins to run five days after the date of mailing. *See Banks*, 855 F.2d at 326; *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir. 1987); *Hunter*, 790 F.2d at 475. The presumption applies unless the plaintiff "rebuts that presumption with proof that he [ ] did not

receive notification within that period." *See Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000). A plaintiff must do more than simply show that he did not physically receive the letter in order to rebut the presumption of actual delivery and receipt within that five-day duration. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1160 (6th Cir. 1991).

In this case, Ellington contends that he did not receive the RTS letter until May 20, 2007, and that he timely filed this action within the ninety-day period. Alternatively, Ellington claims that, because there is a genuine issue of material fact regarding the date he received the notice, the Court should deny CBC's motion for summary judgment. In response, CBC argues that Ellington has failed to present proof that he did not receive the RTS letter within the ninety-day period. Therefore, CBC asserts that the ninety-day period began to run five days after the EEOC issued the RTS letter and that Ellington's failure to file this action within that period entitles it to summary judgment.

As an initial matter, the Court notes that the existence of a factual dispute does not preclude the grant of summary judgment. Notably, the Federal Rules of Civil Procedure provide that there must be a "*genuine* issue as to any material fact." Fed.R.Civ.P. 56(c)(emphasis added). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Cook*, 820 F.2d at 179 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original)).

In *Cook v. Providence Hospital*, 820 F.2d 176 (6th Cir. 1987), the Sixth Circuit considered and rejected arguments similar to those raised by Ellington. Specifically, in *Cook*, the court acknowledged the existence of a factual dispute regarding whether the plaintiff received a right to sue notice from the EEOC but concluded, nonetheless, that summary judgment was appropriately granted in favor of the defendant on the ground that plaintiff had failed to timely pursue her rights.

In *Cook*, the right to sue notice was mailed to the plaintiff on May 25, 1983, and was not returned as undeliverable. On June 15, 1984, Cook was informed by a EEOC employee that a right to sue notice had been issued. Cook received a copy of the notice in July 1985 and instituted suit on October 17, 1985. The Sixth Circuit held that:

> we are confronted with overwhelming evidence that Cook received notice that her claim had been administratively denied and that she had a right to sue her employer: the EEOC mailed the Notice both to Cook and to Providence. The latter received the notice; Cook's Notice was not returned undelivered; Cook admitted that in June of 1984 she talked to an EEOC employee who told her that she "should have received a Right to Sue." In contrast, Cook offers only her unsubstantiated testimony that she never received the May, 1983, Notice of Right to Sue.

*Cook*, 820 F.2d at 179.

Similar to the plaintiff in *Cook*, Ellington has offered only an unsubstantiated claim that he received the RTS letter on May 20, 2008. Notably, Ellington's statements regarding the date he received the notice have been contradictory.[1] Although he now alleges that he received the

---

[1] Ellington and his counsel contend that they received the RTS letter on May 20, 2007. However, the Court finds that this assertion is not entirely credible given that May 20, 2007, was a Sunday and that the mail is not delivered on this day

letter on May 20, 2007, the Court notes that on December 10, 2007, Ellington testified at a deposition that he could not recall the date he actually received the RTS notice.

> Q. I'll hand you Exhibit 18, what looks to be the Notice of Right to Sue the EEOC issued to you. Did you ever receive that document?
>
> A. If I did, I sent it straight to my lawyer.
>
> Q. Okay. Do you know, and you may not know, but do you know if this was sent to you and your attorney or just your attorney?
>
> A. I don't know. I'm not aware. Even if it was, I would have still sent mine to my lawyer.
>
> Q. Would you have kept a copy?
>
> A. No.

[Plaintiff's Depo., p. 160]  In the Complaint filed August 16, 2007, Ellington alleged that:

> [he] ha[d] fulfilled all conditions precedent to the institution of this action under 42 U.S.C. [2000] (e)-(h), [he] ha[d] received his right to sue letter from the Equal Opportunity Employment Commission (hereafter "E.E.O.C.") and ha[d] attached hereto the letter. (Exhibit A) Although said letter is dated April 30, 2007, the letter was not received until May 20, 2007. The request for the letter was dated April 30, 2007. (Exhibit B)

[Record No. 1, ¶ 3]

In contrast to Ellington's unsubstantiated claim about the date he received the notice, there is significant evidence in the record demonstrating that Ellington received the RTS letter *prior to* May 20, 2007. In particular, the record reflects that the EEOC issued the RTS notice and mailed it to Ellington's address of record on April 30, 2007.[2]  On that same date, copies of

---

[2] Ellington notes that the RTS letter was not sent certified mail and that there is nothing in the record to demonstrate that the notice was mailed at all. However, the Court notes that Ellington has not presented any evidence that would indicate that the notice was not mailed. Moreover, his own statements that he received the notice on May 20, 2007, as well as CBD's counsel's assertion that he received the notice through

the notice were also mailed to CBC and Ellington's counsel. Ellington's RTS letter was not returned undelivered, and counsel for CBC has represented that he received the copy of the RTS notice in the mail on May 2, 2007, just two days after Ellington and his counsel requested that the document be issued. [Record No. 20, Ex. D] The factual dispute regarding the date that Ellington received the RTS notice does not preclude the grant of summary judgment in this case. Based on the evidence, the Court finds that Ellington has failed to rebut the presumption that he "received" the EEOC's April 30, 2007, RTS letter within the five-day mailing period. *See e.g., Graham-Humphreys*, 209 F.3d 552.

Under the law of this circuit, Ellington's ninety-day limitations period began to run five days after the EEOC mailed the right to sue notice to his home address of record on April 30, 2007. *See Banks*, 855 F.2d at 326; *Cook*, 820 F.2d at 179 n. 3; *Hunter*, 790 F.2d at 475. Consequently, Ellington's filing of the Complaint in this action on August 16, 2007, was past the ninety-day deadline and, therefore, was untimely.

Having determined that the Complaint was untimely filed, the Court must consider whether factual circumstances exist that would justify equitably tolling the ninety-day time limit. The ninety-day filing requirement is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Graham-Humphreys*, 209 F.3d at 557 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Based on the facts of this case, the Court cannot conclude that there is a basis for application of equitable tolling. Typically, equitable tolling is available only when a litigant's

---

the mail, support a finding that the EEOC mailed the RTS notice.

failure to meet a legally-mandated deadline, such as statute of limitations, unavoidably arose from circumstances beyond that litigant's control. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). The Sixth Circuit has said that absent compelling equitable circumstances, a court should not extend a statute of limitations by even a single day. *Graham-Humphreys*, 209 F.3d at 561.

Generally, there are five factors to consider when determining whether to it is appropriate to equitably toll a statute of limitations: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Graham-Humphreys*, 209 F.3d at 561; *Truitt*, 148 F.3d at 648; *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). This list of factors is not comprehensive, and all five factors may not be material in all cases. The propriety of equitable tolling is determined on a case-by-case basis. *Graham-Humphreys*, 209 F.3d at 561; *Truitt*, 148 F.3d at 648.

Even if the Court assumes that Ellington did not receive the RTS notice until May 20, 2007, the Court notes that, prior to receiving the notice, Ellington (and his counsel) knew he was required to commence a lawsuit within a finite period of time. In addition, the Court notes that Ellington had a significant amount of time (75 days) following his alleged receipt of the notice to institute this action prior to the expiration of the ninety-day period on August 3, 2007. *See Graham-Humphreys*, 209 F.3d at 561 (citing *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.

1992) (denying equitable tolling because the plaintiff had 75 days after actual receipt of her RTS notice to file a civil complaint)).

In conclusion, the Court finds that Ellington's failure to timely file this action is the result of his (and/or his counsel's) neglect or carelessness. Specifically, Ellington's knowledge or suspicion that the EEOC had issued the right to sue letter, his actual knowledge that the ninety-day limitations began running upon his receipt of notice from the EEOC of his right to sue, and his failure to institute this action within the 75 days remaining on his limitations term following his physical acceptance of the letter, cannot be excused by equitable tolling.

### IV. Conclusion

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1. The Defendant's motion for summary judgment [Record No. 20] is **GRANTED**;

2. The Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 are **DISMISSED**, with prejudice; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 21st day of August, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge